USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 25, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
DISTRICT ATTORNEY OF NEW YORK :
COUNTY, :
 :
 : 14 Civ. 890 (KPF)
                               Plaintiff, :
           v. : ORDER
 :
THE REPUBLIC OF THE PHILLIPINES, *et al.*, :
 :
                              Defendants. :
------------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

      Plaintiff has advised that the Complaint, as filed, included an exhibit containing certain information meant to be redacted. Accordingly the Clerk of Court is respectfully directed to remove the current version of the Complaint, filed under docket entry 2, and replace it with the document attached to this Order.

      SO ORDERED.

Dated: February 25, 2014
       New York, New York

                                                        KATHERINE POLK FAILLA
                                                        United States District Judge

PAGE INTENTIONALLY LEFT BLANK.

JUDGE FAILLA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

 

------------------------------------------------------------ x

DISTRICT ATTORNEY OF NEW YORK COUNTY,

                        Plaintiff,

          -against-

THE REPUBLIC OF THE PHILIPPINES, JOSE DURAN,
ON HIS BEHALF AND AS REPRESENTATIVE OF A
CLASS OF JUDGMENT CREDITORS OF THE ESTATE
OF FERDINAND E. MARCOS, IMELDA MARCOS,
AND FERDINAND R. MARCOS, VILMA BAUTISTA,
ESTER NAVALAKSANA, LEONOR HERNANDEZ,
AIDA HERNANDEZ, IMELDA MARCOS, JORGE Y.
RAMOS, AND THE METROPOLITAN MUSEUM OF
MANILA FOUNDATION, INC.,

                        Defendants.

Civil Action No. _____

**INTERPLEADER COMPLAINT**



------------------------------------------------------------ x

Plaintiff, the District Attorney for New York County, through his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, alleges as follows for his Complaint herein:

**PRELIMINARY STATEMENT**

1.      The District Attorney for New York County (the "District Attorney" or "DA") faces conflicting claims to the rights of ownership of certain property (the "Interpleaded Property") that the DA obtained pursuant to search warrants or by surrender in the course of its prosecution of the criminal matter People of the State of New York v. Vilma Bautista, et al., Indictment No. 04930-2012 (Sup. Court, N. Y. County). The trial of that case concluded with a conviction in November 2013. The Interpleaded Property, a full list of which is attached hereto as Exhibit "A," includes, inter alia, paintings, jewelry, carpets, a jade and wood screen, and over $15 million in cash and seized funds from several bank accounts. The DA retained Christies,

Inc. in or about July 2011 to store most of the paintings and other large physical items in a Christies facility, where these items remain. The cash, jewelry and other items are in the DA's possession, and the seized funds are held in the DA's escrow account. In addition, the DA has effective custody of six life insurance or annuity accounts that have been frozen pursuant to a search warrant.

2. Multiple parties have asserted or may be expected to assert claims to the Interpleaded Property, including the Republic of the Philippines; members of a class action holding a judgment against the Estate of Ferdinand E. Marcos, Imelda Marcos, and Ferdinand R. Marcos; the individuals from whom the Interpleaded Property was seized, including the defendant in the criminal case, Vilma Bautista, and her sisters; Imelda Marcos; and an artist and a museum in the Philippines. The DA is an innocent stakeholder with no claim of ownership to the Interpleaded Property and brings this action to transfer the Interpleaded Property to this Court so that its rightful owner or owners may be determined, to recover its reasonable and necessary attorneys' fees and other expenses, and to be dismissed from this action.

## PARTIES

3. The District Attorney of New York County is an elected official and is the chief prosecutor for New York County, State of New York, with offices at 1 Hogan Place, New York, NY 10013.

4. On information and belief, defendant Republic of the Philippines is a foreign state.

5. On information and belief, defendant Jose Duran is a resident alien residing at 29 Hartwell Place, Woodmere, New York 11598, and is a member of a Class certified

2

in litigation entitled In re: Estate of Ferdinand E. Marcos Human Rights Litigation, No. MDL 840 (D. Hawaii).

6. On information and belief, defendant Vilma Bautista is a citizen of the Republic of the Philippines residing at 188 E. 64th Street, Apt. 703, New York, NY 10065.

7. On information and belief, defendant Ester Navalaksana is a citizen of the Republic of the Philippines or the State of New York residing at 400 East 67th Street, Apt. G, New York, New York 10065.

8. On information and belief, defendant Leonor Hernandez is a citizen of the State of New York, residing at 400 East 67th Street, Apt. G, New York, New York 10065.

9. On information and belief, defendant Aida Hernandez is a citizen of the State of New York, residing at 400 East 67th Street, Apt. G, New York, New York 10065.

10. On information and belief, defendant Imelda Marcos is a citizen of the Republic of the Philippines residing at Unit 34-B, Pacific Plaza Towers, Ayala Avenue, Makati City, Philippines.

11. On information and belief, defendant Jorge Ramos is a citizen of the Republic of the Philippines.

12. On information and belief, defendant The Metropolitan Museum of Manila Foundation, Inc. is a non-profit cultural foundation located at Bangko Sentral ng Pilipina Complex, Roxas Boulevard, Malate-Manila (1554), Philippines.

## JURISDICTION AND VENUE

13. The Court has original subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1335 in that diversity of citizenship exists between two adverse claimants, and the amount in controversy exceeds $500.00, exclusive of interest.

14. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1397 in that the action is being brought in a judicial district in which a substantial part of the property that is the subject of the action is situated and one or more of the defendants resides.

## FACTS

### The Criminal Trial

15. In connection with a criminal prosecution, <u>People of the State of New York v. Vilma Bautista, et al.</u>, Indictment No. 04930-2012 (Sup. Court, N. Y. County) (the "Criminal Action"), the District Attorney is currently in possession of certain property held as evidence or potential evidence in the criminal trial, which is now concluded. The District Attorney seeks to determine who the rightful owner of this property is.

16. In the Criminal Action, Vilma Bautista ("Bautista"), the longtime personal secretary to former First Lady of the Philippines Imelda Marcos, was charged with having illegally conspired to possess and sell valuable works of art acquired by Marcos during her husband's presidency, keep the proceeds for herself, and hide those proceeds from New York State tax authorities and others. The art, which had been missing for more than 30 years, included a "Water Lily" painting by the French impressionist artist Claude Monet, which the defendant sold in September 2010 for $32 million using a fraudulent document purporting to grant her authority to possess and sell the painting.

17. Specifically, Bautista came into possession of at least four highly valuable paintings after they disappeared from Philippine government property in 1986 when the Marcoses were overthrown, and which remained missing for more than 30 years. Beginning in 2009, Bautista and her co-conspirators attempted to sell the paintings covertly using a variety of illicit means. After successfully selling the "Water Lily" painting in 2010, the defendant

4

personally received the $32 million in proceeds, paid her accomplices "commissions," and kept the rest of the money herself. In April 2011, Bautista filed a New York State tax return for 2010 and failed to disclose the sale or any income she had received from the sale.

18.     After a five-week trial, on November 18, 2013, a jury in New York State Supreme Court found the defendant guilty of all counts, including Conspiracy in the Fourth Degree, Criminal Tax Fraud in the First Degree, and Offering a False Instrument for Filing in the First Degree.

**The Interpleaded Property**

19.     The DA seized most of the Interpleaded Property from Bautista and from bank accounts holding funds in the names of Bautista and one of her sisters, pursuant to search warrants issued in connection with the Criminal Action and executed on or about July 18, 2011 and July 19, 2011. Property and funds seized from the defendants herein included:

- 10 paintings, a Serafian Isfahan rug, and $251,142.00 in cash seized from Bautista's Manhattan residence;
- 114 items of jewelry and $2,386.00 in cash seized from the residence of Ester Navalaksana, Leonor Hernandez, and Aida Hernandez, Bautista's sisters; and
- 42 paintings and a rug seized from Bautista's Long Island residence.

20.     The DA also seized approximately $13,654,349.32 from bank accounts in Bautista's name and $1,270,000.00 from an account jointly controlled by Bautista and her sister Leonor Hernandez. The DA also has effective custody of six life insurance or annuity accounts in Bautista's name that have been frozen pursuant to a search warrant. The approximate total of these accounts is $1,429,158.03,

21.     Additionally, on or about July 28, 2011, Hoffinger, Stern & Ross LLP ("HS&R"), Bautista's attorneys, surrendered two paintings to the DA in connection with the

Criminal Action. On information and belief, HS&R is not a claimant and has not been named as a defendant herein.

22. The Criminal Action resulted in the conviction of Vilma Bautista. It was determined in the Criminal Action that Bautista was not the rightful owner of the four paintings that were the subject of the Criminal Action, including the Water-Lily painting, the two paintings that were surrendered to the DA by Bautista's attorneys, and one of the paintings seized from Bautista's Manhattan residence. The Criminal Action also determined that Vilma Bautista was not the rightful owner of the proceeds of the Water-Lily painting.

23. The Criminal Action, however, did not determine the true owner of those paintings, or the ownership of the remainder of the Interpleaded Property.

### Claims to the Interpleaded Property

**The Republic of the Philippines' Claim**

24. In a letter addressed to the DA's office and dated November 21, 2013, the Republic of the Philippines ("the Philippines"), through a law enforcement agency called the Presidential Commission on Good Government ("PCGG"), advised the DA that the Philippines is asserting a claim to the Interpleaded Property.

25. Specifically, the Philippines alleges that Ferdinand Marcos, while president of the Philippines between 1965 and 1986, transferred billions of dollars worth of public assets and property to his personal control through various illegal and unauthorized schemes. The Philippines alleges that included amongst these ill-gotten public funds and assets is the Interpleaded Property. The Philippines claims that the Interpleaded Property was illegitimately acquired by Ferdinand Marcos during his presidency, that he transferred the assets

to his wife and former first lady of the Philippines, Imelda Marcos, and that the property is subject to forfeiture to the Philippines under the law of the Philippines.

### The Judgment Creditor Class' Claim

26. There is also pending in the Supreme Court for the State of New York, New York County, a special proceeding bearing Index Number 654261/2012, instituted by defendant Jose Duran on his own behalf and as representative of a class, for turnover of property or money held by the District Attorney's Office and which is asserted to be owned by Imelda Marcos (the "Turnover Proceeding").

27. The DA is a respondent in the Turnover Proceeding.

28. In the Turnover Proceeding, petitioners allege that they hold a judgment against Imelda Marcos, pursuant to a judgment of the United States District Court for the District of Hawaii, as a joint and severally liable judgment debtor, in the amount of Three Hundred Fifty Three Million, Six Hundred Thousand ($353,600,000.00) Dollars, plus interest.

29. The Turnover Proceeding further alleges that specific paintings and the proceeds of the sale of the Water-Lily painting held by the DA belong to Imelda Marcos, and seeks transfer of these items to the class petitioners to satisfy their judgment.

### The Potential Claims of the Other Defendants

30. **Vilma Bautista, Ester Navalaksana, Leonor Hernandez, and Aida Hernandez.** Defendants Bautista, Navalaksana, and Hernandez, from whom the Interpleaded Property was seized, may assert claims to certain of the Interpleaded Property. In particular, attorneys acting on behalf of Bautista, Leonor Hernandez, and Aida Hernandez have advised the DA that their clients may have potential claims to the Interpleaded Property.

31. **Imelda Marcos.** Upon information and belief, and based upon allegations in the Turnover Proceeding that certain of the Interpleaded Property belongs to Imelda Marcos, she may own and may assert a claim to certain of the Interpleaded Property.

32. **Jorge Ramos.** Bautista's attorneys have advised the DA that defendant Jorge Ramos, a Philippine artist and friend of defendant Bautista, owns eight of the paintings seized by the DA from Bautista's residences as a part of the Criminal Action.

33. **The Metropolitan Museum of Manila.** Upon information and belief, and based upon documents admitted into evidence in the Criminal Action showing that defendant Bautista purchased one of the paintings that was the subject of the Criminal Action -- "Algerian View," by the French artist Albert Marquet -- on behalf, and in the name of, defendant the Metropolitan Museum of Manila, such defendant may own and may assert a claim to that painting, which the DA seized from Bautista as a part of the Criminal Action.

### FIRST CAUSE OF ACTION
### (Interpleader)

34. Plaintiff repeats and realleges the above allegations 1 through 33 with the same force and effect as if fully set forth herein.

35. Defendants' claims to the Interpleaded Property at issue in this action are competing.

36. Plaintiff is unable to determine to whom to release the Interpleaded Property due to these competing claims.

37. Plaintiff is a mere stakeholder, with no independent claim to the Interpleaded Property, with the exception of reasonable attorney's fees and costs incurred in relation to this Interpleader Complaint, including plaintiff's costs for storing the Interpleaded Property.

38. As a result of the continuing and conflicting claims, this Interpleader is necessary to ensure that the Interpleaded Property is paid and transferred to the proper party.

**WHEREFORE**, Plaintiff respectfully demands judgment as follows:

1. Directing Plaintiff to deposit the above-mentioned Interpleaded Property into the Registry of this Court to await resolution of entitlement to said property and funds;

2. Discharging Plaintiff from this litigation and from any and all liability related to the Interpleaded Property;

3. Enjoining any parties, named or unnamed, from initiating or further prosecuting any action or proceeding against Plaintiff, and staying any pending action or proceeding against Plaintiff regarding the Interpleaded Property, including the Turnover Proceeding, pursuant to 28 USCS § 2361;

4. Granting Plaintiff an award of any costs for storage of the Interpleaded Property and reasonable attorney's fees in connection with this litigation, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 10, 2014

                                  ZACHARY W. CARTER
                                  Corporation Counsel of the
                                    City of New York
                                  100 Church Street
                                  New York, New York 10007
                                  (212) 356-2690

                        By: _____
                             June R. Buch
                             jbuch@law.nyc.gov
                             Amy N. Okereke
                             aokereke@law.nyc.gov
                             Assistant Corporation Counsels

| Exhibit A - Interpleaded Property |
|---|
| |
| **Description** |
| Lee Aguinaldo's "Green Circulation No. 23" |
| Frederico Aguilar Alcuaz' "Fruit Still Life" |
| Frederico Aguilar Alcuaz' "Landscape" |
| Fernando Cueto Amorsolo's "Wagon on Road" |
| Fernando Cueto Amorsolo's "Fruit Still Life" |
| Fernando Cueto Amorsolo's "Female Nude" |
| Fernando Cueto Amorsolo's "Street in Manillo" |
| Reginald Burton Barber's "Reclining Woman in White" |
| Ralph Wolfe Cowan's "Family Portrait" |
| Ralph Wolfe Cowan's "Ferdinand Marcos" and "Emelda Marcos" |
| Edgar Doctor's "Full Moon Over My Town" |
| Edgar Doctor's "Morning Catch '00 #11" |
| An Elephant Artist's "Untitled" (21 3/4 x 29 3/4) |
| An Elephant Artist's "Untitled" (21 3/4 x 29 1/2) |
| Carlos Villaluz Francisco's "Mourning Figures" |
| R. Galican's "Landscape" |
| Jose Joya's "Virgo, New York City" |
| Ang Kiukok's "69 Crucifix #5" |
| Kumer's "Yellow Fish" |
| Cesar Legaspi's "Female Nude" (21 1/4 x 14 3/4) |
| Cesar Legaspi's "Female Nude" (31 1/4 x 15 1/4) |
| Pierre Lesieur's "Mirror and City View" |
| Arturo Luz's "Celebration" |
| Vicente Silva Manasala's "Melons and Fish" |
| Albert Marquet's "Algerian View" |
| Claude Monet's "L'Eglise et La Seine a Vetheuil" |
| Galo Ocampo's "Tabor Cove" |
| Hernando R. Ocampo's "Untitled" |
| Anfonso Alfaro Ompod's "Two Fishes and Five Loaves of Bread" |
| Louis Richards, "Landscape with Stream" and "Landscape with Tree" |
| Ibarra Dela Rosa's "House Front" |
| Eamon Roy's "School of Fish" |
| Nena Saguil, "Abstract" |
| Sanchez, "Street Lamp" |
| Juvenal Sanso, "Surreal Plants" |
| Juvenal Sanso, "With Cadence Deep" |
| Juvenal Sanso, "Star-Lore" |
| Mauro Santos, "New York City Street" |
| Mauro Santos, "Skyscraper" |
| Mauro Santos, "Crucifixion" |
| Mauro Santos, "Woman With Plant" |

| |
|---|
| Mauro Santos, "Rooftops" (11 3/4 x 15 3/4) |
| Mauro Santos, "Star Above Trees" |
| Mauro Santos, "Flower Pot" |
| Mauro Santos, "New York Buildings" |
| Mauro Santos, "Flower Pot in Earth Tones" |
| Mauro Santos, "Rooftops" 13 1/2 x 10 1/2) |
| Mauro Santos, "Blooming Plants" |
| Alfred Sisley, "Langland Bay" |
| Romeo Tabuena, "Three Children" |
| Romeo Tabuena, "White Rooster" |
| Unknown, "Flower Pot" |
| Francisco M. Verano, "A Breath of White" |
| A Four Panel Spinach Jade and Hardwood Screen |
| A Serafian Isfahan Rug |
| An Indian Carpet |
| Madonna and Child |
| $214,627.50 (or current value) from AXA Equitable Life Insurance Policy ▮8760 |
| $114,530.53 (or current value) from AXA Equitable Life Insurance Policy ▮7276 |
| $200,000 (or current value) from New York Life Insurance Policy ▮7422 |
| $200,000 (or current value) from New York Life Insurance Policy ▮6520 |
| $500,000 (or current value) from MetLife Investors Insurance Company annuity contract ▮4695 |
| $200,000 (or current value) from US Life Insurance Company annuity contract ▮3892 |
| Brown velvet jewelry case w/ assorted gold & silver rings, bracelets, and religious medals |
| 1 silver metal Tiffany watch w/ roman numerals |
| 1 red box labeled "Imelda" containing pearl necklace & bracelet |
| Brown envelope marked "Jewelry" containing 1 Tiffany watch (silver), wedding bands, bracelet, necklace |
| Silver, blue and gold shell necklace in Tiffany's bag |
| Ring with green pearl in Tiffany's box |
| Jade kidney bean earrings in Tiffany's box |
| Cartier watch with brown leather strap in Tiffany's bag |
| Silver earrings in Tiffany's bag |
| Silver Tiffany's cross earrings by Paloma Picasso |
| Diamond stud and Chanel button in Tiffany's bag |
| Tiffany's anchor necklace in Tiffany's bag |
| Cartier sterling silver bracelet |
| Anchor clock |
| Tiffany's padlock necklace in Tiffany's bag |
| Tiffany's silver chain in Tiffany's bag |
| Tiffany's padlock key ring in Tiffany's bag |
| Girard Perrogaux watch in Tiffany's bag |
| Blue and gold bracelet in Tiffany's bag |
| Tiffany's silver travel alarm in Tiffany's bag |
| Blue and gold Tiffany's pencil in Tiffany's bag |

| |
|---|
| Sterling silver Tiffany's dog tag and chain in Tiffany's bag |
| Tiffany's knot ring in Tiffany's box |
| Pearl necklace in Tiffany's box |
| Tiffany's watch with black leather strap |
| Seiko gold watch |
| Two gold pens |
| Cartier one ounce gold engraved affectionately Imelda R. Marcos Philippines |
| Sterling Silver engraved Vincent Bautista Tiffany's pen |
| Tiffany's engraved gold pendant in Tiffany's box in Tiffany's box |
| Miniature silver suitcase in Tiffany's bag |
| Gold Bulgari watch in white Bulgari bag |
| Mont Blanc black rubber and silver bracelet |
| Diamond stud earrings by Gordon's jewelers |
| Turquoise and gold pen in Tiffany's box |
| Gordon's diamond pendant |
| Gold and silver Tiffany's pen |
| Necklace with hearts in Tiffany's bag |
| Tiffany's black rubber necklace with silver object |
| Silver Tiffany's necklace with key and silver plate |
| Tiffany's box wrapped in tissue paper unopened |
| Sterling silver baby rattle |
| Silver and blue mini pen in Tiffany's bag and box |
| Tiffany's silver necklace with silver bean shape |
| Silver Tiffany's necklace with one silver and one gold heart |
| Tiffany's necklace with brown, green and silver pendant |
| Tiffany's satin gold clutch bag |
| Tiffany's necklace with silver bean |
| Silver Tiffany's necklace with roman numerals |
| Silver bean necklace in Tiffany's box |
| Silver chain with padlock in Tiffany's bag and box |
| Gold Tiffany's broach with intertwining hearts |
| Cross broach (Paloma Picasso) |
| Two silver screen rings in plastic bags |
| Tiffany's camera holder |
| Diamond ring engagement in black box |
| Seiko watch engraved from President and Mrs. Marcos |
| Two coral clutch purses compliments of the First Lady Imelda Marcos |
| Jewelry bag containing rings, necklaces, crosses |
| Checkered bracelet engraved from Imelda Marcos |
| Pearl and gold ring |
| Pearl necklace with possible diamond clasp |
| Plastic bag with assorted rings and earrings |
| Pearl broach |
| Tiffany's bag with pearl earrings and apple broach |

| |
|---|
| Pearls with attached safety pin in Tiffany's bag |
| Assorted colorful stones in plastic bag |
| Silver Monet chain in Tiffany's bag |
| Plastic bag containing assorted pearl and gold jewelry |
| Plastic bag containing matching gold ring and ear rings with translucent and green gems |
| Plastic bag with gold double hoop earrings |
| Diamond and sapphire clip on earrings in Tiffany's bag |
| Two giant coins in Tiffany's bag |
| Miniature silver picture frame |
| Golden linked bracelet |
| Silver and coral bracelet engraved from Imelda Marcos |
| Silver and pearl crucifix |
| Pearl necklace with golden clasp in Tiffany's bag |
| Cartier egg and stand with flower inside |
| Paloma Picasso silver bracelet in Tiffany's bag |
| Gerard Perregaux silver watch |
| Plastic bag with smaller bags containing assorted pearl and gold earrings, pins, and charms |
| Piaget black and gold watch |
| Tiffany's bag with plastic bag with pearl necklace and two Egyptian ivory charms |
| Tiffany's bag containing small gold chain, two sets cuff links, one ring with large pearl, one set pearl and gold earrings |
| Tiffany's bag with gold and pearl pendant and no chain |
| Tiffany's necklace and matching ring in Tiffany's bag |
| Tiffany's pendant with black string, pearl, and possibly diamond |
| Hair clip with butterflies and flowers |
| Bronze ring with green stone |
| Little gold box with three pendants |
| Ring with large pearl |
| Gold necklace with turquoise and colorless beads |
| Bag with pearl earrings, rings, pins |
| Plastic bag with Tiffany's ring and pendant engraved "2000" |
| Ivory bracelet |
| 3 pill boxes with bells |
| Gold suit pin with diamond and sapphire |
| One zip lock bag with black and silver watch with Marcos heads for 25th wedding anniversary |
| One brown and gold watch with Imelda Marcos head |
| One burgandy and gold Seiko watch |
| One gold and diamond Rado watch |
| Black box with pearl and silver hand made necklace |
| Gold bracelet and silver bracelet in plastic bag |
| Gold bracelet with feline head |
| Gold necklace with dragon heads, diamond encrusted |
| Gold necklace with religious figure |
| Brown and gold Lobor watch |

| |
|---|
| Brown and silver Raketa watch |
| Brown and gold Seiko watch |
| Ellen Tracy Legwear bag with numerous small possible gem stones |
| Mont Blanc bag containing crucifix and gold necklace with stones |
| Three plastic jewelers bags containing small gold necklaces |
| Tiffany's bag containing 21 plastic bags and one loose gold necklace. Plastic bags contain various rings and necklaces |
| $15,177,877 |