# KOHN, SWIFT & GRAF, P.C.

ONE SOUTH BROAD STREET, SUITE 2100

PHILADELPHIA, PENNSYLVANIA 19107-3304

JOSEPH C. KOHN
ROBERT A. SWIFT
GEORGE W. CRONER
ROBERT J. LaROCCA
DENIS F. SHEILS †◊
DOUGLAS A. ABRAHAMS *
WILLIAM E. HOESE
STEVEN M. STEINGARD *
STEPHEN H. SCHWARTZ †
CRAIG W. HILLWIG
NEIL L. GLAZER †
JARED G. SOLOMON
BARBARA L. MOYER †

(215) 238-1700
TELECOPIER (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com

E-MAIL: RSWIFT@KOHNSWIFT.COM

HAROLD E. KOHN
1914-1999

OF COUNSEL
MERLE A. WOLFSON
LISA PALFY KOHN

† ALSO ADMITTED IN NEW YORK
◊ ALSO ADMITTED IN NEVADA
* ALSO ADMITTED IN NEW JERSEY

April 6, 2015

**VIA ECF FILING**

Hon. Katherine Polk Failla
Room 640
U.S. Courthouse
40 Foley Square
New York, NY 10007

> Re: **District Attorney of New York County v. The Republic of the Philippines et al., No. 14-890 (KPF)(JCF)**

Dear Judge Failla:

I am counsel for Jose Duran in the above case. Today the Office of the New York City District Attorney ("NYDA") will submit a proposed form of order regarding the deposit of property which, at the February 19 hearing, your Honor ordered to be interpleaded with the Clerk's Office. Last week the NYDA circulated to counsel its form of proposed order. Duran proposed an addition to the proposed order to state that certain of the property levied upon by Duran in State Court is still subject to execution by the Sheriff of New York County. The NYDA rejected this addition.

It is Duran's position that, until a State Court vacates the subject executions and levies, they remain in effect. These executions and levies merely establish Duran's priority to the subject assets with respect to other judgment creditors of Imelda Marcos. Accordingly, if the assets are deemed to belong to Imelda Marcos, Duran's priority to these assets - vis-a-vis other judgment creditors of Imelda Marcos - should be preserved.

In this interpleader proceeding, the Republic has asserted a number of cross claims against Imelda Marcos. (See, *Amended Answer and Crossclaims By The Republic of the Philippines*, Docket Entry 32, at ¶¶ 105 - 123; 129 - 135; 142 - 147.) If the Republic becomes a judgment creditor of Imelda Marcos, Duran is entitled to have his priority to the subject assets preserved. The Republic will be entitled to execute upon other assets that they may find in the Philippines, or elsewhere.

KOHN, SWIFT & GRAF, P.C.     CONTINUATION SHEET NO. 2     HON. KATHERINE POLK FAILLA
                                                          APRIL 6, 2015

     Attached is the NYDA's proposed form of order with Duran's addition, at Paragraph 4. Duran consents to the form of the order attached.

Respectfully yours,

*Robert A. Swift*

Robert A. Swift

RAS/yr
Enc.
cc w/enc.:  All Counsel via ECF

85125

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

THE DISTRICT ATTORNEY FOR NEW YORK
COUNTY,

                                    Plaintiff,

-against-

REPUBLIC OF THE PHILIPPINES, JOSE DURAN, ON
HIS BEHALF AND AS REPRESENTATIVE OF A
CLASS OF JUDGMENT CREDITORS OF THE ESTATE
OF FERDINAND E. MARCOS, IMELDA MARCOS,
AND FERDINAND R. MARCOS,  VILMA BAUTISTA,
ESTER NAVALAKSANA, LEONOR HERNANDEZ,
AIDA HERNANDEZ, IMELDA MARCOS, JORGE Y.
RAMOS, AND THE METROPOLITAN MUSEUM OF
MANILA FOUNDATION, INC.,

                                    Defendants.
------------------------------------------------------------------------ x

14 Civ. 890 (KPF)

**PROPOSED ORDER FOR DEPOSIT OF PROPERTY**

KATHERINE POLK FAILLA, District Judge:

      Having granted plaintiff's motion for an order authorizing plaintiff to deposit property in this Court pursuant to 28 U.S.C. § 1335, it is hereby ORDERED:

      1. Plaintiff shall deposit with the Clerk of the Court, within 10 days of the date hereof, the property listed on Exhibit A to the Complaint ("the Interpleaded Property") as follows:

      a. Interpleaded Property that is in the District Attorney's possession as cash or that is held in the District Attorney's escrow accounts shall be transferred to the Clerk of the Court for deposit into the Registry of the Court. Such Interpleaded Property is identified in the supporting Declaration of June R. Buch ("Buch Declaration"), dated April 3, 2015, Exhibit B thereto (Declaration of Gregory Dunlavey).

b. Interpleaded Property that is in the form of annuity contracts, presently frozen in place pursuant to the order of the New York State Criminal Court, New York County, shall remain where held pursuant to this Order until the conclusion of this action. Interpleaded Property that is in the form of a life insurance policy shall be liquidated and the proceeds deposited into the Registry of this Court. Such Interpleaded Property, both annuity contracts and life insurance policy, is identified in the Buch Declaration, Exhibit B thereto. The liquidation amount of the life insurance policy, Policy # 92057___ issued by AXA Equitable Life Insurance Co., is $168,617.

The District Attorney shall serve a copy of this Order on the entities holding such property within 10 days of the date hereof. The liquidated proceeds of the life insurance policy shall be deposited with the Registry of this Court within ten days from service of this Order.

c. Interpleaded Property that is presently stored with Christie's Fine Art Storage Services Inc. ("CFASS") pursuant to the order of the Criminal Court of the State of New York, New York County, shall continue to be stored with CFASS until such time as this Court issues a further Order to CFASS with respect to such Interpleaded Property. Such Interpleaded Property is identified in the Buch Declaration, Exhibit C thereto (Declaration of Melanie Samper). The District Attorney shall serve a copy of this Order on CFASS within 10 days of the date hereof.

d. The remaining Interpleaded Property, which is presently stored at the Office of the District Attorney for New York County, shall be transferred to a safe deposit box maintained by JPMorgan Chase, located at 1 Chase Manhattan Plaza, New York, New York, until such time as this Court issues a further Order to JPMorgan Chase with respect to such Interpleaded Property. Such Interpleaded Property is identified in the Buch

Declaration, Exhibit D thereto (Declaration of Bonita Robinson) and photographs submitted therewith on a CD entitled "Appendix to Robinson Declaration".

2. The Clerk of the Court shall pay the storage and insurance charges of CFASS and JPMorgan Chase (together, "the Custodians") upon receipt, from the funds deposited in the Registry of the Court pursuant to Paragraph 1(a) of this Order, until further Order of this Court. The Custodians shall each submit their bills to the Clerk of the Court, at the following address:

Clerk of the Court
United States District Court
Southern District of New York
500 Pearl Street, Room 120
New York, New York 10007

Attention: Diana Gustaferri, Financial Manager

3. The District Attorney shall be reimbursed for his expenses of storing the property at CFASS from the date this action was commenced, February 11, 2014, to the date of this Order. The Clerk shall remit to the District Attorney the sum of $30,000.00 for such charges, from the funds deposited in the Registry of this Court pursuant to Paragraph 1(a) of this Order, within ten days of the date of this Order.

4. Any Interpleaded Property that is subject to pre-existing Executions served by the Sherriff of the City of New York shall remain subject to such Executions for all purposes.

5. This order shall remain in effect until judgment is entered in this action, at which time the Interpleaded Property shall be disposed of in accordance with the terms of that judgment, or pursuant to further Order of this Court.

SO ORDERED.

Dated:      New York, New York
            _____, 2015

_____
KATHERINE POLK FAILLA
United States District Judge