UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                       :
DISTRICT ATTORNEY OF NEW YORK                          :
COUNTY,                                                :
                                                       :
                    Interpleader Plaintiff,            :
                                                       :
            v.                                         :
                                                       :
THE REPUBLIC OF THE PHILIPPINES,                       :
*et al.*,                                              :
                                                       :
                    Interpleader Defendants.           :
                                                       :
------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 16, 2017
```

14 Civ. 890 (KPF)

ORDER

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of (i) Jose Duran's motion for reconsideration of this Court's February 23, 2017 Order (Dkt. #326) and a memorandum in support of the same (Dkt. #327); (ii) the Republic of the Philippines' letter response (Dkt. #331); (iii) an affidavit in support of Duran's motion for reconsideration, which identifies certain "superfluous factual contentions" in Duran's motion, and which appears to be brought on behalf of both Vilma Bautista and Gavino Abaya (Dkt. #334-35);[1] and (iv) the Republic's letter

---

[1] Contrary to the Republic's suggestion in its March 15, 2017 letter (Dkt. #336), this supporting affidavit was timely filed. Local Civil Rule 6.1(b) provides that any "opposing affidavits [or] answering memoranda" in response to Duran's motion for reconsideration were due "within fourteen days after" February 28, 2017, the date Duran served his reconsideration motion. S.D.N.Y. Local. Civ. R. 6.1(b). The affidavit was filed on March 14, 2017 (i.e., fourteen days after Duran served his motion). The Republic, interpreting Bautista's and Abaya's affidavit as a standalone motion for reconsideration, argues that it is untimely under Local Civil Rule 6.3. (Dkt. #336). But because the affidavit responds to Duran's motion, its timeliness is more appropriately assessed under Rule 6.1(b), and under that Rule it is timely.

response to this affidavit (Dkt. #336).  After considering the parties' submissions, the Court DENIES Duran's motion for reconsideration.

Local Civil Rule 6.3 permits a party to move "for reconsideration … of a court order" in order to identify "matters or controlling decisions which … the Court has overlooked."  S.D.N.Y. Local Civ. R. 6.3.  "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Meyer* v. *Kalanick*, 185 F. Supp. 3d 448, 451-52 (S.D.N.Y. 2016) (quoting *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  Duran has not adduced legal authority or facts that alter the conclusions the Court reached in its February 23, 2017 Order.  Accordingly, the Court declines to grant Duran the "extraordinary remedy" of reconsideration.  *Sigmon* v. *Goldman Sachs Mortg. Co.*, — F. Supp. 3d —, No. 12 Civ. 3367 (ALC) (GWG), 2017 WL 113961, at *2 (S.D.N.Y. Jan. 11, 2017) (quoting *Anwar* v. *Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016)).

The Clerk of Court is ORDERED to terminate Docket Entry #326.

SO ORDERED.

Dated:     March 16, 2017
           New York, New York

                                          _____
                                          KATHERINE POLK FAILLA
                                          United States District Judge