LAW OFFICES<br>
**PRADO & TUY, LLP**<br>
ATTORNEYS AT LAW<br>
305 BROADWAY, SEVENTH FLOOR<br>
NEW YORK, N.Y. 10007<br>
(212) 668 8888 FAX (212) 668 8494

SALVADOR E TUY, JR.
DENNIS J. FELICIANO

May 21, 2018

**VIA ECF AND EMAIL**

Honorable Katherine P. Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

      IN RE: District Attorney of New York v. Republic of the Philippines
      Case No. 14-CV-00890 (KPF) (JCF)

Dear Judge Failla:

The undersigned attorney for the Republic of the Philippines hereby responds to the letter request by Baker & Baker, attorneys for the Intervenors Golden State Buddha Corporation and Estate of Roxas for a scheduling order "to conduct limited fact discovery" to obtain three items contained in their "Intervenors First Set of Document Request" demanded of the Republic of the Philippines.

Specifically the demand is for the Republic to produce the following specific requests:

1. The audiotape containing the interview of Imelda Marcos by Christine Herrera, a newspaper reporter of the Philippine Daily Inquirer, which was given to the Philippine Senate or about December 18, 1998, and any transcript thereof;
2. The audio/video tape of the testimony of Imelda Marcos before the Philippine Senate on December 21, 1998 and any transcript thereof; and
3. The audio/video tape recording of the testimony of Christine Herrera, a newspaper reporter with the Philippine Daily Inquirer, before the Philippine Senate and/or the Presidential Commission on Good Government in or about 1998, and any transcript thereof.

The Republic objects to the request as follows:

1. It is untimely made and beyond the period allowed for discovery which closed on November 20, 2016 as pointed out by Robert Swift in his letter to the Court dated May 18, 2018. Additionally, Christine Herrera, the newspaper reporter who allegedly interviewed Imelda Marcos died last November 19, 2017.
2. Requesting Intervenors do not cite any ground why they are demanding for the production of this audio/video tape beyond the deadline allowed for discovery as "newly discovered evidence" and again as pointed by Mr. Swift, the tapes are dated December 1998 which information was available to Baker & Baker.

3. Although the Republic is the nominal party in this Interpleader, it is the Presidential Commission on Good Government or PCGG, which is the Philippine government agency which we represent. The PCGG has no power to require the Senate of the Philippines to deliver the tapes, if they are indeed in the custody of the Senate, to these attorneys or to intervenors. Upon the other hand, the Intervenors could have requested these tapes from the Senate of the Philippines itself or from the Philippine Daily Inquirer.
4. Lastly, under FRCP Rule 34 (a) (1), the Republic, as the responding party to these disclosure requests, has no possession, custody or control of the requested materials. And as I have told Mr. Daniel Brown in response to this request by phone, we would like to be provided with a copy of any such tapes in their possession. We have made preliminary requests with the PCGG about this matter and as stated they do not have a copy of the tape and it is not aware of the tape.
5. Baker & Baker does not state any reason why it could not proceed to obtain the requested documents under Rule 45, in relation to Rule 34 (c) by subpoena to the Philippine Daily Inquirer or to Christina Herrera, in her lifetime, or to the Secretary of the Senate of the Philippines during the period of allowable discovery.

Respectfully submitted,

*[signature]*
SALVADOR E. TUY, JR.
Attorney for the Republic of the Philippines