UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISTRICT ATTORNEY OF NEW YORK COUNTY,<br><br>      Plaintiff,<br><br>   -against-<br><br>THE REPUBLIC OF THE PHILIPPINES, JOSE DURAN, ON HIS BEHALF AND AS REPRESENTATIVE OF A CLASS OF JUDGMENT CREDITORS OF THE ESTATE OF FERDINAND E. MARCOS, IMELDA MARCOS, AND FERDINAND R. MARCOS, VILMA BAUTISTA, ESTER NAVALAKSANA, LEONOR HERNANDEZ, AIDA HERNANDEZ, IMELDA MARCOS, JORGE Y. RAMOS, THE METROPOLITAN MUSEUM OF MANILA FOUNDATION, INC., GOLDEN BUDHA CORPORATION, AND THE ESTATE OF ROGER ROXAS,<br><br>      Defendants. | CIVIL ACTION NO. 14-cv-890-KPF<br><br>STIPULATION AND ORDER |
| THE REPUBLIC OF THE PHILIPPINES and JOSE DURAN, ON HIS BEHALF AND AS REPRESENTATIVE OF A CLASS OF JUDGMENT CREDITORS OF IMELDA MARCOS, FERDINAND R. MARCOS AND THE ESTATE OF FERDINAND E. MARCOS,<br><br>      Plaintiffs,<br><br>   -against -<br><br>GAVINO ABAYA, JUAN ABAYA, SUSAN ABAYA, DIANE DUNNE AND BARBARA STONE,<br><br>      Defendants. | CIVIL ACTION 14-cv-3829-KPF |

  WHEREAS, on February 11, 2014, the District Attorney of New York ("DANY")

brought an interpleader bearing Civil Action case number 14-cv-890-KPF (the "Interpleader

Action") pursuant to 28 U.S.C.§ 1335 against The Republic of the Philippines (the "Republic");
Jose Duran on behalf of a Class of Judgment Creditors of the Estate of the Ferdinand E.
Marcos, Imelda Marcos, and Ferdinand R. Marcos (the "Duran Class"); Vilma Bautista; Ester
Navalaksana; Leonor Hernandez; Aida Hernandez; Imelda Marcos; Jorge Y. Ramos; and The
Metropolitan Museum of Manila Foundation, Inc. (Dkt. #2); and

WHEREAS, Imelda Marcos was served with the Summons and Interpleader Complaint
on April 30, 2014 (ECF # 37) and never appeared or otherwise participated in the action, thereby
forfeiting any claim or entitlement to the Interpleaded Property; and

WHEREAS, Jorge Y. Ramos was served with the Summons and Interpleader Complaint
on April 25, 2014 (ECF # 38) and never appeared or otherwise participated in the action, thereby
forfeiting any claim or entitlement to the Interpleaded Property; and

WHEREAS, The Metropolitan Museum of Manila Foundation, Inc. was served with the
Summons and Interpleader Complaint on April 25, 2014 (ECF # 39) and never appeared or
otherwise participated in the action, thereby forfeiting any claim or entitlement to the
Interpleaded Property; and

WHEREAS, the Interpleaded Property - which included, *inter alia*, various paintings,
jewelry, insurance policies and annuities and over $15 million in cash and funds from several
bank accounts - was seized or frozen by the DANY on or before November 20, 2012, pursuant
to search warrants, surrender or other process in the course of the DANY's prosecution of the
criminal matter, *People of the State of New York* v. *Vilma Bautista, et al.*, Indictment No.
04930-2012 (Sup. Ct., N.Y. Cty.) (the "Criminal Action"); and

WHEREAS, in connection with the Interpleader Action DANY deposited with, or
otherwise made subject to the jurisdiction of, the Court more than 300 pieces of property

including but not limited to cash, artwork, carpets, jewelry, insurance policies, annuities and other personal property which it had seized or otherwise frozen in connection with the Criminal Action (the "Interpleaded Property"); and

WHEREAS, certain of the assets deposited with the Court included cash and other property attributable to the proceeds (the "Proceeds") from the sale of Claude Monet's "Le Bassin aux Nymphease" (the "Water Lily"); and cash from three other paintings sold at auction by Christies pursuant to Court Order on November 11 and 12, 2018.  The four paintings (collectively the "Paintings") are listed in Exhibit F hereto and

WHEREAS, by Order dated August 12, 2016 (ECF # 262), Golden Budha Corporation and the Estate of Roger Roxas were permitted to Intervene in the Interpleader Action; and

WHEREAS, certain of the parties made claims to the Interpleaded Property and other property and asserted cross-claims and defenses; and

WHEREAS, The Republic filed a separate action in this Court entitled *The Republic of the Philippines v. Gavino Abaya, Juan Abaya, Diane Dunne and Barbara Stone*, No. 14-3829 which was handled as a related action (the "Related Action") to the Interpleader; and

WHEREAS, the Republic waived its sovereign immunity in the Interpleader action and Related Action; and

WHEREAS, the Duran Class intervened in the Related Action and filed its complaint in intervention against the defendants; and

WHEREAS, a Special Master was appointed by the Court to safeguard and administer the Interpleaded Property; and

WHEREAS, in an interlocutory appeal of the Interpleader Action, the United States Court of Appeals for the Second Circuit affirmed this Court's subject matter jurisdiction; and

WHEREAS, in the same appeal, the United States Court of Appeals for the Second

Circuit affirmed this Court's ruling that Duran's levies on the interpleaded property were invalid; and

WHEREAS, the parties conducted discovery; engaged in extensive motion practice, including a motion to intervene by Golden Budha Corporation and the Estate of Roger Roxas, which this Court granted by Order dated August 12, 2016 (ECF #262), and various motions for summary judgment, which this Court denied by Order dated March 29, 2018 (ECF #429); and participated in settlement conferences on August 7, 2018 and December 20, 2018; and

WHEREAS, the five parties that, as of the date of this Stipulation and Order, assert claims to the Interpleaded Property and other property are (i) The Republic of the Philippines; (ii) the Duran Class; (iii) the Golden Budha Corporation and the Estate of Roger Roxas ("GBC/Roxas"); (iv) Vilma Bautista; and (v) Ester Navalaksana and Leonor Hernandez (the "Sisters") (collectively, the "Parties"); and

WHEREAS, for the reasons set forth in the Order dated September 25, 2018 (ECF #470) there has been sufficient notice of Interpleader Action to have permitted non-parties to file timely claims to the Interpleaded Property; and

WHEREAS, anyone not a party to this Interpleader Action has had more than four years to appear in this action, which has been widely publicized, both domestically and internationally, such that, for the reasons set forth in the Order dated September 25, 2018 (Dkt. #470), any claims asserted by non-parties to the Interpleaded Property would, at this late stage of the litigation, be barred as untimely; and

WHEREAS, the parties agree to settle the Interpleader Action and the Related Action and to dismiss the actions pursuant to the following terms and conditions; and

WHEREAS, the parties understand that final effectuation of this Settlement is

conditioned upon the Duran Class obtaining FRCP 23(e) approval of the United States District Court for the District of Hawaii ("Final Approval").

**NOW THEREFORE,** it is hereby Stipulated and Agreed as follows:

1.      The Interpleaded Property and other property at issue in this proceeding, and which are the subject of this Stipulation and Order, are as follows:

      a.   Cash held in a fund (the "Fund") in the custody of the Clerk of the United States District Court for the Southern District of New York ("Clerk SDNY").

      b.   Fine Art, Chinese Works of Art and Rugs and Carpets set forth at Exhibit A.

      c.   Paintings listed at Exhibit B.

      d.   The annuities listed in Exhibits C1 and C2.

      e.   269 pieces of property listed at Exhibit D.

      f.   A condominium known as Unit 7G, 400 East 67th Street, New York, New York, [New York County Block #1461, Lot # 1038] (the "Condominium").

      g.   A payment of $637,000 which reduced the outstanding mortgage upon the real property located at 199 Hummingbird Road, Manhasset, New York owned by Vilma H. Bautista and Leonor Hernandez.

2.      The Parties agree to and will cooperate in the transfer, sale and/or liquidation of annuities listed in Exhibit C1 and the Condominium.  The proceeds from the liquidations shall be deposited with the Clerk SDNY  if received prior to Final Approval.  If received after Final Approval, the proceeds shall be transferred to Cesar De Castro as Escrow Holder in accordance with paragraph 5 hereof.

3.      Upon Final Approval of this settlement, the Clerk SDNY  shall distribute cash from the Fund as follows:

      a.   To the Duran Class by wiring $13,750,000 to the Class Settlement Fund

maintained by the Clerk of the United States District Court for the District of
Hawaii in Civil Action No. 03-11111.

b.  To the Republic, $4,000,000.

c.  For avoidance of doubt, payments to the Duran Class and the Republic are
fixed and are not subject to any increase or decrease in the Fund.

d.  To the Sisters by wiring an initial cash distribution of $500,000.00 to an
account designated by the Sisters.

e.  To GBC/Roxas by wiring an initial cash distribution of $1,663,926.00 to an
attorney trust account as designated by Baker & Baker APC for distribution to
GBC/Roxas.

f.  In the event there are insufficient funds to make full payments to the Sisters
and GBC/Roxas, the amounts shall be reduced pro-rata based on remaining
cash.

4.  Upon Final Approval of this settlement, the Court or Special Master shall direct
the in-kind distribution of property as follows:

a.  The Fine Art, Chinese Works of Art and Rugs and Carpets set forth at Exhibit A
shall be deemed the property of, and transferred to, the Sisters; and

b.  The paintings set forth at Exhibit B shall be deemed the property of the Estate of
Jorge Y. Ramos, and returned to his Estate.  The transfer of the subject paintings shall be
promptly effectuated by the Special Master and accomplished in a manner such that title to the
seven subject paintings shall pass to the Estate of Jorge Y. Ramos in the State of New York and
while such paintings are in storage at Christies Fine Art Storage.  Upon such passage of title, the
Estate of Jorge Y. Ramos shall become responsible for all costs of storage and other expenses,
such as insurance, relating to such paintings; and

c.   The two annuities listed as Exhibit C2 shall be deemed the property of, and transferred to, the Sisters; and

d.   The 269 pieces of property listed at Exhibit D shall be deemed the property of, and transferred to, the Sisters.

5.      Upon Final Approval of this settlement, and following the cash distributions set forth at Paragraph 3, the Clerk SDNY shall distribute the remaining cash and accrued interest from the Fund to Cesar De Castro, as Escrow Holder.  The Escrow Holder shall establish, an interest-bearing independent account (the "Account") at a reputable national bank into which the proceeds from this settlement shall be deposited until all proceeds and interest are distributed to the Parties.  Other than with respect to the transfer to the Estate of Jorge Y. Ramos as aforesaid, Cesar De Castro, as Escrow Holder, shall pay from the Account all reasonable and necessary costs associated with the liquidation of the Interpleaded Property, including its storage, maintenance and insurance.  To avoid any confusion, the Sisters will be responsible for maintenance, insurance and all costs related and concerning the Condominium pending liquidation.   The Escrow Holder shall prepare an accounting of all deposits and disbursements for the Account which shall be submitted to the Court and the Parties.

6.   The Sisters shall list the Condominium for sale no later than one week after Final Approval at fair market value with a reputable real estate broker and, upon sale, the Sisters shall immediately transfer (by wire) any and all realized sale amounts to the Escrow Holder for deposit into the Account.  The Sisters agree that they will not retain any interest, or claim to any equity, in the Condominium as a mortgage lender, lienor or otherwise. In furtherance of the foregoing, the Sisters agree that (i) they will provide the other Parties with a copy of any executed agreement with any buyer of the Condominium and any broker agreement(s); (ii) they will advise the other Parties as to the location, date and time of the closing of the sale of the

Condominium; and (iii) the other Parties each shall be entitled to have the provisions of this Paragraph 6 concerning the wiring of realized sale amounts specifically enforced, by seeking injunctive relief in Civil Action14-cv-890-KPF, without having to prove the adequacy of the available remedies at law, and without being required to post bond or security, it being acknowledged and agreed that the failure to wire the funds as aforesaid will cause irreparable injury to other Parties, or any of them, and that money damages will not provide an adequate remedy to the other Parties.  In addition, to the extent the other Parties are required to take action to enforce the provisions of this Paragraph 6, they also will be entitled to collect reasonable attorney's fees and costs from the Sisters.

7.     GBC/Roxas's anticipated settlement distribution is $3,000,000 including the initial distribution referenced in paragraph 1(e) above.

8.     The Sisters' anticipated distribution is $3,000,000 including the credits below and the initial cash distribution referenced in paragraph 1(d) above.  The $3,000,000 anticipated distribution to the Sisters shall be reduced by the following credits totaling no less than $1,163,926:

> a.  The Fine Art, Chinese Works of Art and Rugs and Carpets set forth at Exhibit A and credited in the amount of $300,500;
>
> b.  The items of jewelry listed in Exhibit D and credited in the amount of $27,915;
>
> c.  The two annuities set forth at Exhibit C2, with an agreed upon present value of, and credited in the amount of $198,511 (subject to verification of value based on a payout with an anticipated 3% return discount);
>
> d.  A credit of $637,000 from the Proceeds from the sale of the "Water Lily" painting which reduced the outstanding mortgage upon the real property

located at 199 Hummingbird Road, Manhasset, New York.   The Sisters and Bautista acknowledge that the release herein precludes any claim by the other Parties concerning the use of Proceeds to reduce that outstanding mortgage and that Bautista and/or the Sisters have, thereby, benefitted in the amount of $637,000 plus accrued legal interest thereon from the date paid to satisfy the mortgage until the GBC/Roxas receive an amount equal to the above (a, b, c and d, including accrued interest); and

    e.   The exact amount of the accrued interest on (d) above and the full credit to the Sisters will be calculated when the final distribution is made to GBC/Roxas.

9.    Escrow Holder shall make distributions from the Escrow Fund as early as practicable, including interim distributions, consistent with the fixed and variable entitlements set forth in Paragraphs 7 through and including 9 hereof, and any costs incurred by or due to the Special Master (as approved by the Court) and any non-parties.

10.    Upon liquidation of the Condominium and annuities listed in Exhibit C1, and deposit of the funds in Escrow Holder's Account, the balance of the Account shall be disbursed as follows:

    a.   The accrued interest shall be credited to the Sisters' anticipated settlement amount, and the balance of their settlement distribution up to $3,000,000 shall be paid to them in cash;

    b.   The balance of the anticipated settlement amount due to GBC/Roxas shall be paid up to a total of $3,000,000; and

    c.   If there are any remaining funds, the first $500,000 shall be paid to the Sisters; the next $500,000 shall be paid to GBC/Roxas; and any excess shall be divided equally between the Sisters and GBC/Roxas.

    d.  For the avoidance of doubt, the total distribution to each of the Sisters and GBC/Roxas, including credits, may be more or less than $3,000,000.

11.    The Republic will provide the Court and all counsel with written authority for the Republic's counsel to approve this Stipulation and Order no later than January 9, 2019 in accordance with the Court's Order of December 21, 2018 (Dkt. # 486).

12.    Lead Counsel for the Duran Class represents that he has authority to enter into this settlement subject to approval of the United States District Court for the District of Hawaii.  Class Counsel shall promptly file a motion for preliminary approval of this settlement agreement pursuant to F.R.C.P. 23 in MDL No. 840 with the United States District Court for the District of Hawaii. Class Counsel will give notice of the settlement to all Class members in advance of Final Approval of this settlement.

13.    Should the United States District Court for the District of Hawaii in MDL No. 840 not give preliminary approval or Final Approval of this Stipulation and Order regarding the Class settlement, this Stipulation and Order shall not be binding on the parties and shall be null and void except for the transfer or liquidation of Interpleaded Property as set forth at Paragraphs 1(d) and 1(f).  In such event, the liquidation shall be consummated, and the proceeds therefrom deposited with the SDNY Clerk as part of the Interpleaded Property.

14.    <u>Limited Release</u>:  Each party for himself, herself or itself, his, her or its class members, agents, employees, representatives, attorneys, heirs, successors, administrators, executors and assigns, hereby knowingly and voluntarily RELEASES, ACQUITS and FOREVER DISCHARGES the other party, and such party's class members, agents, employees, representatives, attorneys, heirs, successors, administrators, executors and assigns from any and all past, present and future proceedings, claims, controversies, actions, suits, causes of action, complaints, cross-claims, counter-claims, charges, rights, demands, covenants, undertakings,

promises, agreements, contracts, grievances, losses, judgments, accounts, bills, debts, dues, sums of money, claims for attorneys fees, expenses or costs, obligations under any agreement or liabilities of any nature whatsoever in law and in equity, whether accrued or unaccrued, known or unknown, certain or contingent, asserted or unasserted, that each party for himself or itself, his or its class members, agents, employees, representatives, attorneys, heirs, successors, administrators, executors and assigns, ever had, have now or hereafter can, shall or may have, against the other party and such party's class members, agents, employees, representatives, attorneys, heirs, successors, administrators, executors and assigns arising from the Interpleader and Related Case, except that (a) the Duran Class does not release or discharge its claims based on the July 14, 1995 Assignment of Marcos property to the Class; (b) the Duran Class does not release its claim against Barbara Stone in the Related Case; (c) the Republic and the Duran Class are not releasing any claims as to artwork listed in Exhibit E; and (d) For the avoidance of any doubt, (i) the release contained herein shall not be deemed a general release; and (ii) nothing contained herein shall be deemed to operate or be construed as a release by any Party hereto in favor of the Estate of Ferdinand Marcos, Imelda Marcos, individually or as representative of the Estate of Ferdinand Marcos..

15.     The Republic releases Vilma Bautista from any and all past or present proceedings, claims, controversies, actions, suits, causes of action from the beginning of the world to the date hereof, and shall dismiss any proceedings pending against Vilma Bautista in any court or tribunal in any country, including but not limited to any court or tribunal in the Republic or the United States.

16.     The Duran Class shall file a motion for summary judgment against Barbara Stone within four (4) weeks of Final Approval.

17.     Upon Final Approval, the Clerk of this Court shall mark the Interpleader and

Related Case as dismissed pursuant to F.R.C.P. 41(a)(2) as to all parties except (with respect to the Related Case only) the Duran Class and Barbara Stone.

18.     Upon Final Approval, the Republic shall dismiss, with prejudice, its claims to the Paintings listed in Exhibit F which it asserted in its forfeiture action *Republic of the Philippines v. Ferdinand E. Marcos et al,* No. 141 pending in the Sandiganbayan in the Philippines, and furnish the Parties with certified evidence thereof.

19.     Upon Final Approval, the Duran Class shall dismiss without prejudice their claims in (a) *Duran v. Bautista et al,* No. 654261/12, pending in the New York Supreme Court for the County of New York; and (b) *Duran v. Abaya et al,* No. 156335/13, pending in the New York Supreme Court for the County of New York.  Upon Final Approval, the Duran Class shall release their *lis pendens* on the Condominium.

20.     The Court shall retain jurisdiction over the Interpleader and Related Case for the purpose of enforcing and effectuating the terms of this Stipulation and Order.

21.     The parties hereto agree to exercise their best efforts and to take reasonable steps to effectuate this Stipulation and Order.

22.     This Stipulation and Order shall be binding upon and inure to the benefit of the parties hereto.

23.     This Stipulation and Order may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

24.     This Stipulation and Order may be executed by electronic or e-mail exchange of facsimile or PDF signatures and, if so executed shall become effective when a counterpart has been executed and delivered by all parties hereto directly or through counsel.

25. This Stipulation and Order shall be construed in accordance with and governed by the laws of the State of New York applicable to agreements made and performed in New York.

26. Each of the undersigned attorneys represents that he or she has full authority to enter into this Stipulation and Order and to bind, as agent, his or her client or clients with respect thereto.

**IN WITNESS WHEREOF**, the undersigned counsel of record, in their representative capacity, have executed this Stipulation and Order.

Dated: January 10, 2019

Robert A. Swift
Lead Counsel for the Duran Class

Salvador Tuy
Attorney for the Republic of the Philippines

Cesar de Castro
Attorney for Ester Navalaksana and
Leonor Hernandez

J. Roberto Cardenas
Attorney for Vilma Bautista, Gavino Abaya,
Juan Abaya and Susan Abaya

William Baker
Attorney for Estate of Roger Roxas and
The Golden Budha Corporation
1/10/19

Kelly A. Librera
Attorney for Diane Dunne

SO ORDERED:

The United States District Court
For the Southern District of New York

Katherine Polk Failla, J.

25.     This Stipulation and Order shall be construed in accordance with and governed by the laws of the State of New York applicable to agreements made and performed in New York.

26.     Each of the undersigned attorneys represents that he or she has full authority to enter into this Stipulation and Order and to bind, as agent, his or her client or clients with respect thereto.

**IN WITNESS WHEREOF**, the undersigned counsel of record, in their representative capacity, have executed this Stipulation and Order.

Dated:   January 10, 2019


_____
Robert A. Swift
Lead Counsel for the Duran Class

_____
Cesar de Castro
Attorney for Ester Navalaksana and
Leonor Hernandez


_____
William Baker
Attorney for Estate of Roger Roxas and
The Golden Budha Corporation

_____
Salvador Tuy
Attorney for the Republic of the Philippines

_____
J. Roberto Cardenas
Attorney for Vilma Bautista, Gavino Abaya,
Juan Abaya and Susan Abaya


_____
Kelly A. Librera
Attorney for Diane Dunne


SO ORDERED:

The United States District Court
For the Southern District of New York


_____
Katherine Polk Failla, J.

Counsel for the signatory parties are ORDERED to meet and confer to
propose a schedule for the completion of the outstanding items in this
settlement agreement.  The parties are ORDERED to submit a joint letter
to the Court regarding this schedule on or before **January 31, 2019.**

The Clerk of Court is directed to ADJOURN the trial previously scheduled
to begin on April 29, 2019, and all corresponding pretrial deadlines.


Dated:      January 17, 2019              SO ORDERED.
            New York, New York

                                          _Katherine Polk Failla_

                                          HON. KATHERINE POLK FAILLA
                                          UNITED STATES DISTRICT JUDGE