UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISTRICT ATTORNEY OF NEW YORK COUNTY,<br><br>                              Plaintiff,<br><br>                    -against-<br><br>THE REPUBLIC OF THE PHILIPPINES, JOSE DURAN, ON HIS BEHALF AND AS REPRESENTATIVE OF A CLASS OF JUDGMENT CREDITORS OF THE ESTATE OF FERDINAND E. MARCOS, IMELDA MARCOS, AND FERDINAND R. MARCOS, VILMA BAUTISTA, ESTER NAVALAKSANA, LEONOR HERNANDEZ, AIDA HERNANDEZ, IMELDA MARCOS, JORGE Y. RAMOS, THE METROPOLITAN MUSEUM OF MANILA FOUNDATION, INC., GOLDEN BUDHA CORPORATION, AND THE ESTATE OF ROGER ROXAS,<br><br>                              Defendants. | CIVIL ACTION NO. 14-cv-890-KPF<br><br>ORDER |
| THE REPUBLIC OF THE PHILIPPINES and JOSE DURAN, ON HIS BEHALF AND AS REPRESENTATIVE OF A CLASS OF JUDGMENT CREDITORS OF IMELDA MARCOS, FERDINAND R. MARCOS AND THE ESTATE OF FERDINAND E. MARCOS,<br><br>                              Plaintiffs,<br><br>                    -against -<br><br>GAVINO ABAYA, JUAN ABAYA, SUSAN ABAYA, DIANE DUNNE AND BARBARA STONE,<br><br>                              Defendants. | CIVIL ACTION 14-cv-3829-KPF |

**WHEREAS**, by Order dated April 16, 2015 (ECF # 72 and ECF # 7, respectively) the Court

stayed the proceeding denominated *Jose Duran, On His Behalf And As Representative Of A Class Of*

*Judgment Creditors Of The Estate Of Ferdinand E. Marcos, Imelda Marcos, and Ferdinand R. Marcos. v. Vilma H. Bautista, et al.*, Index No. 654261/2012, pending in the Supreme Court of New York County before Justice Charles Ramos (the "State Action"); and

**WHEREAS,** Justice Andrew S. Borrok was assigned to the State Action following the retirement of Justice Ramos; and

**WHEREAS**, by Stipulation and Order filed January 17, 2019 (ECF # 489 and ECF # 87, respectively) the captioned matters were settled in accordance with the terms set forth therein; and

**WHEREAS,** the settlement set forth in the Stipulation and Order was conditioned upon the class represented by *Jose Duran, On His Behalf And As Representative Of A Class Of Judgment Creditors Of The Estate Of Ferdinand E. Marcos, Imelda Marcos, and Ferdinand R. Marcos* (the "Duran Class") obtaining FRCP 23(e) approval of the United States District Court for the District of Hawaii ("Final Approval"); and

**WHEREAS**, the United States District Court for the District of Hawaii, by Order dated March 28, 2019 in *Hilao et al v. Estate of Ferdinand E. Marcos* and *Vera et al v. Estate of Ferdinand E. Marcos* [USDC Hawaii Civil Action No. 1:03-cv-11111 (MLR), ECF # 10735], granted Final Approval of the settlement set forth in the Stipulation and Order (See, **Exhibit A** hereto);

**NOW THEREFORE,** it is hereby **ORDERED** as follows:

The Stay of the proceeding denominated *Jose Duran, On His Behalf And As Representative Of A Class Of Judgment Creditors Of The Estate Of Ferdinand E. Marcos, Imelda Marcos, and Ferdinand R. Marcos v. Vilma H. Bautista, et al.*, Index No. 654261/2012, pending in the Supreme Court of New York County before Justice Andrew Borrok is hereby vacated and lifted.

Dated:          , 2019

SO ORDERED:

The United States District Court
For the Southern District of New York

_____
Katherine Polk Failla, J.

EXHIBIT A

(HAWAII FEDERAL DISTRICT COURT ORDER GRANTING FINAL APPROVAL)

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br><br>ESTATE OF FERDINAND E. MARCOS<br>HUMAN RIGHTS LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>    Hilao et al v. Estate of Ferdinand E. Marcos,<br>              and<br>    DeVera et al v. Estate of Ferdinand E. Marcos. | MDL NO. 840<br>No. 86-390<br>No. 86-330 |

# FINAL ORDER AND JUDGMENT

This matter has come before the Court for final approval of the settlement among Class Representative Jose Duran and other parties as to entitlement to certain paintings once allegedly owned by Imelda Marcos and the proceeds from the sale of another painting. The settlement is in litigation conducted in the United States District Court for the Southern District of New York known as *District Attorney of New York County v. The Republic of the Philippines, et al.*, No. 14-890 (KFP) and *The Republic of the Philippines v. Gavino Abaya et al.*, No. 14-3829 (KFP). The federal judge in those cases, the Honorable Katherine Polk Failla, both

{00187809}

facilitated and "so ordered" the settlement. However, consummation of the settlement is contingent on this Court's final approval thereof.

This Court has continuing jurisdiction over the judgments entered on behalf of the Class in the above-captioned litigation, and authority to review and approve any settlements reached by Class Counsel pursuant to F.R.C.P. 23. This Court conducted a hearing on March 28, 2019 following Class Notice and in accordance with the Stipulation and Order executed by all parties dated January 17, 2019 (the "Settlement Agreement") and this Court's Order of February 6, 2019 granting preliminary approval to the Settlement Agreement.

Due notice of said hearings having been given in accordance with the Class Notice; Class Counsel Robert Swift and Sherry Broder appeared for the Class; the Court having heard and considered evidence in support of the proposed settlement (the "Settlement"); the Court having considered the objections to the Settlement; the attorneys for the parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Class Notice; and the Class Notice dated February 8, 2019 to Class members eligible to receive distribution of the proceeds of the Judgment having been adequate, sufficient and in compliance with the requirements of due process,

{00187809 }

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The "Class" means those members of the Class certified in the litigation known as *Hilao v. Estate of Ferdinand E. Marcos*, MDL No. 840 who are eligible to receive distribution of the proceeds of the Judgments entered by this Court.

2. The Settlement is approved as fair, reasonable and adequate within the meaning of Fed. R. Civ. P. 23 and shall be implemented in accordance with the terms and conditions of the Settlement Agreement.

3. The objections to the Settlement are overruled.

4. The Mutual Release set forth in the Settlement Agreement is fair and shall be binding on the Class and their agents, employees, representatives, attorneys, heirs, successors, administrators, executors and assigns. Upon entry of this Judgment, Releasees shall be completely released, acquitted and forever discharged from all claims arising from or relating in any way to the property at issue, as set forth in the Settlement Agreement.

5. The Court reserves decision on when the proceeds of the Settlement Agreement shall be distributed to Class members and the amount to be distributed.

6. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in entry of this Final Order and

Judgment. Accordingly, the Clerk of the Court is hereby directed to enter this Final Order and Judgment without delay.

Dated: March 28, 2019

BY THE COURT:

_____
Hon. Manuel L. Real
United States District Judge

{00187809}