UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DISTRICT ATTORNEY OF NEW YORK COUNTY,

                Plaintiff,

-v.-

THE REPUBLIC OF THE PHILIPPINES, *et al.*,

                Defendants.

14 Civ. 890 (KPF)

ORDER

---

KATHERINE POLK FAILLA, District Judge:

On January 21, 2019, Kenneth C. Murphy, former counsel to the Republic of the Philippines (the "Republic"), filed an application for the imposition of charging and retaining liens on the Republic's recovery in this case. (Dkt. #490). On January 23, 2019, the Court ordered Mr. Murphy, and the Republic's current counsel, Salvador E. Tuy, to meet and confer regarding the disputed fees. (Dkt. #491). On March 1, 2019, Mr. Murphy informed the Court that these discussions had not been successful in resolving the dispute. (Dkt. #498).

On May 9, 2019, the Court held a conference regarding this dispute, at which Mr. Murphy, Mr. Tuy, and representatives of the Philippine Commission on Good Government ("PCGG"), Rey E. Bulay, and Rebekah Eunice O. Supapo, were present. In advance of the conference, the Court also received *ex parte* submissions from the PCGG on behalf of the Republic. (Dkt. #515). In this submission, the Republic disputed the existence of any fees owed to Mr.

Murphy or Mr. Tuy; suggested a conflict of interest on the part of Mr. Tuy, due to his retainer agreement containing similar language to Mr. Murphy's; and requested permission for Mr. Bulay to represent the Republic *pro se*.

The Court held the May 9 conference with the understanding that Mr. Tuy continued to represent the Republic. However, the conference made clear that conflicts between Mr. Tuy and the Republic prevented Mr. Tuy from effectively representing his client. The Court instructed Mr. Tuy to file a motion to withdraw as counsel, and on June 3, 2019, Mr. Tuy filed a motion to withdraw, explaining the conflict of interest between him and his client. (Dkt. #519). The Court agrees that a conflict exists and grants Mr. Tuy's motion to withdraw.

The Republic has asked to proceed *pro se*. The United States Supreme Court has stated, "the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland* v. *California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citations omitted). While the list does not include sovereign nations, the Court notes that several cases have discussed the problems inherent in allowing *pro se* representation of the United States Government in a *qui tam* action. *See Georgakis* v. *Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) (holding "a nonlawyer can't handle a case on behalf of anyone except himself"). On this point, today, the Supreme Court reaffirmed a "longstanding

interpretive presumption that 'person' does not include the sovereign." *Return Mail, Inc.* v. *Postal Service*, No. 17-1594 (U.S. June 10, 2019) (slip op. at 7) (citing *Vt. Agency of Nat. Res.* v. *United States ex rel. Stevens*, 529 U.S. 765, 780-81). Given that § 1654's specified options are "personally or by counsel," *see* 28 U.S.C. § 1654, the Court's longstanding presumption against considering the sovereign as a person suggests that sovereign entities cannot appear "personally" and must retain counsel.

The Court is aware that a court in this District has previously held that tribal nations may represent themselves in court. *See Fraass Survival Sys., Inc.* v. *Absentee Shawnee Econ. Dev. Auth.*, 817 F. Supp. 7, 10 (S.D.N.Y. 1993). While the Court declines to assess the persuasiveness of this holding, it notes that the basis for allowing tribal nations to appear *pro se* rested in part on the "dependency relationship between Indian tribes and the United States, ... [which] justifie[d] a bit more deference to the constraints of economic hardship than might be accorded in the case of a corporation." *Id.* at 11. The Court declines to extend this holding to a foreign sovereign.

Furthermore, the Court finds that in this case, the prohibition against *pro se* representation carries extra force. The Court has had several experiences in this case, where the Republic has stated to the Court that its representatives lacked authority to speak on behalf of the Republic. The Court has at times issued orders requesting clarification on the extent of the Republic's representative's authority. (Dkt. #486). While the Court is respectful of Mr. Bulay's position, the Court does not hold confidence that a *pro*

*se* representative will be able to speak effectively on behalf of the entire nation and government of the Philippines. The Court finds that, consistent with the longstanding prohibitions against *pro se* representation by non-individuals, the Republic cannot proceed *pro se*.

Accordingly, the motion of Mr. Tuy to withdraw as counsel is GRANTED. The Republic's request to proceed *pro se* is DENIED. In his last act as counsel, Mr. Tuy is instructed to transmit this Order to the Republic. The Clerk of Court is directed to terminate Mr. Tuy as attorney of record for the Republic. The Court will provide the Republic ninety (90) days to retain new counsel with authority to speak on the Republic's behalf. At that time, the Court will schedule a conference to address Mr. Tuy's request for a charging lien, Mr. Murphy's outstanding requests, and any other matters required to bring this case to resolution. The Republic is directed to submit a status letter on or before September 8, 2019.

SO ORDERED.

Dated:   June 10, 2019
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge