THE LAW FIRM OF

# CÉSAR DE CASTRO, P.C.

ATTORNEY AT LAW

7 World Trade Center, 34th Floor
New York, New York 10007

646.200.6166 Main
212.808.8100 Reception
646.839.2682 Fax
www.cdecastrolaw.com
cdecastro@cdecastrolaw.com

August 5, 2021

*Via* **ECF and E-Mail**

The Honorable Katherine P. Failla
U.S. District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *District Attorney v. Philippines, et al.,* 14 Cv. 890 (KPF)

Dear Judge Failla,

I write in response to the Court's July 22, 2021 order, in which it invited me, counsel to the Sisters, to respond to Mr. Cardenas's request to file a motion for a charging lien against the proceeds of the sale of my clients' apartment. Mr. Cardenas's request should be denied.

As the Court is aware, under the Settlement Agreement resolving this matter, the only remaining property to be settled and distributed are the proceeds from the sale of the condominium unit owned by my clients. The sale of the condominium was completed on July 21, 2021. Under the express terms of the Settlement Agreement, only my clients and GBC/Roxas share in the proceeds of the sale of the condominium. In fact, under the Agreement, Ms. Bautista does not receive any money or property. Both Ms. Bautista and Mr. Cardenas signed that Settlement Agreement. I am not aware of any agreement in which my clients agreed to pay Mr. Cardenas a portion of those proceeds. Accordingly, Mr. Cardenas does not have standing in this Court to pursue a charging lien against the proceeds of the condominium nor seek monies that he claims he is due from Ms. Bautista.

Furthermore, it is my understanding that Ms. Bautista retained Mr. Cardenas in a written retainer agreement pursuant to which she paid a substantial flat fee in connection with this case.[1] The agreement is silent with respect to any of the property distributed under the Settlement Agreement. And the retainer agreement expressly provides that any modifications to the retainer agreement must be made in writing and signed by both parties. As I understand it, to the extent that Mr. Cardenas claims that he and Ms. Bautista orally modified the retainer agreement, that

---

[1] The Court's July 22, 2021 order, also invited Ms. Bautista to submit a response to Mr. Cardenas. Ms. Bautista wrote a letter to the Court and has asked me to file it. I have attached her letter as part of this filing, however, I do not represent Ms. Bautista.

modification would be unenforceable by the express terms of the retainer agreement and the statute of frauds, depending on the amount of monies claimed.

Accordingly, Mr. Cardenas does not have standing to pursue a claim against any of the property distributed pursuant to the Settlement Agreement and his request for permission to file a motion for a charging lien should be denied. Should he have an actionable claim against Ms. Bautista, those claims must be brought in a different forum.

Respectfully submitted,

/s/

César de Castro

cc:   All Parties (*via* ECF)