# THE LAW FIRM OF
# César de Castro, P.C.
### ATTORNEY AT LAW

7 World Trade Center, 34th Floor
New York, New York 10007

646.200.6166 Main
212.808.8100 Reception
646.839.2682 Fax
www.cdecastrolaw.com

August 25, 2021

*Via* **ECF and E-Mail**

The Honorable Katherine P. Failla
U.S. District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007



Re:   *District Attorney v. Philippines, et al.,* 14 Cv. 890 (KPF)

Dear Judge Failla,

Pursuant to the Court's August 13, 2021 order, I write to inform the Court the status of the Sisters and GBC/Roxas's settlement discussions. I regret to inform the Court that we have been unable to resolve our differences. By my calculations, we are less than $30,000 apart. I respectfully request that the Court decide the issues based on the current record, order a further conference, or set a briefing schedule.

Following our August 13, 2021 conference, the parties engaged in settlement negotiations. The conversations have focused on the interest rate to be applied and to which amount that interest rate should be applied. The dispute seems to continue to center on whether we are to be calculating the benefit received by Ms. Hernandez in paying off the mortgage early, versus the harm GBC/Roxas claims to have suffered as a result of not receiving funds back in 2010. The Sisters's view is that the latter analysis would be applied in a post-judgment context and not a settlement agreement like here, especially when the terms of the Agreement speak to calculating the "benefit" received in connection with the mortgage payoff.

GBC/Roxas maintains that a post-judgment interest calculation is appropriate on $650,000 (the original amount of the loan mortgage) rather than the $637,000 that appears in the Settlement Agreement. Following the August 13, 2021 conference, GBC/Roxas proposed the application of 8% interest on $650,000 from the date on which that mortgage was paid to the present, essentially calculating the amount as post-judgment interest. The Sisters maintain that there is no basis at all to calculate post-judgment interest on $650,000. However, applying GBC/Roxas's faulty logic, that would result in a payment to GBC/Roxas of $1,221,527.55 and the Sisters of $1,004,203.37.

The Sisters originally countered with a 7.5% interest rate, but after I spoke with GBC/Roxas's counsel, my clients were willing to accept their 8% proposal calculated, however, by utilizing a standard amortization calculator (on $650,000) and calculating how much in interest Ms. Hernandez saved from October 2010, to the present by paying off the mortgage early and then adding that figure to $637,000 to calculate the total benefit she received.  That calculation would result in a payment to GBC/Roxas of $1,162,072.06 and the Sisters would receive $1,033,403.49.

GBC/Roxas rejected that offer and continued to maintain their position of 8% interest calculated as post-judgment interest.  In the spirit of resolving the matter, the Sisters agreed to calculate the "benefit" as post-judgment interest but at a rate of 7.75% which would result in a payment of $1,193,003.68 to GBC/Roxas and the Sisters would receive $1,032,727.24.

Accepting the Sisters's proposal would result in GBC Roxas receiving $28,523.87 less than their proposal (which again is based on a factually unsupported calculation of post-judgment interest on $650,000).  Calculating the 8% as post-judgment interest on $637,000 yields a sum approximately only $17,000 less than the Sister's proposal.

Despite the Sisters's willingness to negotiate, GBC/Roxas has appeared to stay firm at 8% calculated as post-judgment interest on $650,000.  Accordingly, I respectfully request that the Court order decide the issues based on the current record, order a further conference, or set a briefing schedule.

Respectfully submitted,

/s/

César de Castro

cc:      All Parties (*via* ECF)

```
The Court is in receipt of Mr. de Castro's above letter regarding
the ongoing negotiations between the Sisters and GBC/Roxas.  The
Court was heartened to receive a subsequent email submission from
counsel for GBC/Roxas indicating that the parties are close to
reaching a resolution.  The parties are directed to update the
Court on or before September 10, 2021, regarding the status of
their discussions.  If the parties are unable to come to an
agreement before then, the letter should include GBC/Roxas's
response to the issues raised in Mr. de Castro's above letter.
However, it remains the Court's hope that the parties will be
able to resolve this dispute without the Court's intervention.
                                    SO ORDERED.
Dated:   August 26, 2021
         New York, New York


                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE
```

2