THE LAW FIRM OF

# CÉSAR DE CASTRO, P.C.

ATTORNEY AT LAW

7 World Trade Center, 34th Floor
New York, New York 10007

646.200.6166 Main
212.808.8100 Reception
646.839.2682 Fax
www.cdecastrolaw.com
cdecastro@cdecastrolaw.com

September 12, 2021

*Via* **ECF and E-Mail**

The Honorable Katherine P. Failla
U.S. District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *District Attorney v. Philippines, et al.,* 14 Cv. 890 (KPF)
               J. Roberto Cardenas's Request for a Charging Lien

Dear Judge Failla,

Mr. Cardenas's request to file a motion for a charging lien against the Sisters's portion of the proceeds from the sale of the condominium should be denied.

First, the Settlement Agreement is clear with respect to the condominium sale proceeds. The proceeds of the sale were to be distributed between the Sisters (Ester Navalaksana and Leonor Hernandez) and GBC/Roxas. *See* Settlement Agreement at Paragraph 10. Ms. Bautista does not receive any portion of the proceeds of the sale. As the Court noted on August 13, 2021:

> What I have, and what I signed, is a document that references this credit as a reduction on the mortgage of a property in Manhasset, and speaks not at all to Ms. Bautista's entitlement to anything from the sale of the condominium. And so, when I went looking through the settlement agreement, when there is reference to the condominium, it is the [S]isters who are listing it for sale, it is the [S]isters who are going to be paying certain carrying costs of it, and then it is the [S]isters who are supposedly receiving something from the liquidation of the condominium.

Transcript at 7. Because Ms. Bautista does not receive any portion of the proceeds under the Settlement Agreement, this should be the end of the analysis. Mr. Cardenas cannot obtain a lien or ultimately any of the proceeds to pay the legal fees he claims to be owed by Ms. Bautista.

Second, even if Ms. Bautista had an interest in the condominium proceeds, the terms of the written retainer agreement between she and Mr. Cardenas defeats his claim. My understanding is that on or about April 27, 2015, Ms. Bautista and Mr. Cardenas entered into a written retainer

agreement for his representation of Ms. Bautista in this matter.  *See* Retainer Agreement Annexed Hereto.  That retainer agreement establishes that Mr. Cardenas was paid a flat fee of $150,000 to represent Ms. Bautista in this matter for "all services up to but not including any possible trial."  *Id.* at Paragraph 1.  Mr. Cardenas has acknowledged that he has been paid in full in accordance with the retainer agreement.  *See* Transcript of August 13, 2021 Conference, at 13 ("Everything that was agreed upon in writing was paid.  There is no question.").

Furthermore, Paragraph 9(a) of the written retainer agreement provides that it cannot be "modified except by a document signed by all parties."  Mr. Cardenas has conceded that he does not have a written agreement memorializing the $200,000 bonus that he claims to be owed.  Of course, Ms. Bautista disputes Mr. Cardenas's claim that she agreed to pay him anything other than the $150,000 flat fee contained in the retainer agreement.  But even if the Court were to find that she did, that agreement is unenforceable pursuant to the express terms of the retainer agreement, New York law, and the statute of frauds.  *See Feder Kaszovitz LLP v. Rosen*, No. 17 Cv. 2954 (CM), 2018 U.S. Dist. LEXIS 130915 at *20 (S.D.N.Y. Aug. 3, 2018) (citing *Rose v. Spa Realty Assocs.,* 42 N.Y.2d 338, 343-44, 366 N.E.2d 1279, 397 N.Y.S.2d 922 (1977) and holding, in context of legal retainer agreement, that "New York law is clear: parties may modify a written contract by subsequent oral agreement, subject to the statute of frauds, especially if the agreement does not specifically prohibit oral modification").  Here, the alleged oral modification of the retainer agreement is prohibited by the statute of frauds and the express terms of the retainer agreement.

Accordingly, for all of the above reasons, Mr. Cardenas request to file a charging lien should be denied.

Respectfully submitted,

/s/

César de Castro

cc:     All Parties (*via* ECF)