# CARDENAS LAW OFFICE

**J. Roberto Cardenas**
Natalia Berrino*

*Admitted in Argentina

Of Counsel:
Raymond E. Villanueva
Mark Goldfarb

**VIA ECF**

September 3, 2021

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re: **District Attorney of New York County v. The Republic of the Philippines, et al.  Case No. 14-CV-00890 (KPF)(JCF)**

Dear Judge Failla:

The following is submitted, as and for undersigned counsel's reply, pursuant to this Court's request for further briefing at the conference held in this matter on August 13, 2021. For the reasons set forth below, as well as the various cases cited in my brief, I should be permitted to move for a charging lien.

### THE ENTIRE SETTLEMENT AGREEMENT WAS INTENTIONALLY AMBIGUOUS IN ORDER TO ACCOMPLISH THE INTENT OF THE SETTLING PARTIES.

Mr. de Castro's opposition is simply a retread of his prior argument and ignores my various arguments, including that:

…An ambiguity exists where the terms of the contract "could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement…" *International Multifoods*, 309 F.3d at 83 (internal quotation marks omitted). "A contract should be read as a whole to ensure that undue emphasis is not placed upon particular words and phrases" *Considine v. Portville Cent. School Dist.*, 12 NY3d 286, 293 (2009 NY Slip Op 02645). Where the parties dispute the meaning of particular contract clauses, the task of the court "is to determine whether such clauses are ambiguous when `read in the context of the entire agreement,'" *Sayers v. Rochester Telephone Corp. Supplemental Management Pension Plan*, 7 F.3d 1091, 1095 (2d Cir. 1993) (quoting *W.W.W. Associates*, 77 N.Y.2d at 163, 565 N.Y.S.2d at 443, 566 N.E.2d 539)…

As I have argued, and a reading of the entire agreement supports, the settlement was necessarily ambiguous to achieve the results. Mr. de Castro is constrained by his ethical obligations not

| | | | |
|---|---|---|---|
| 119 W 57th Street | Suite 1215 | New York NY 10019 | T: 212.977.7095   F: 212.977.7085 |
| Pernerova 51 | 5th Floor | 186 00 Prague 8-Karlin | Czechia   T: +420 605.399.277 |

www.cardenaslawoffice.com                                                                                               roberto@jrc-esq.com

---

to reveal any client confidences since he is not engaged in a fee dispute. But obviously he was aware of the legal "sleight of hand" in which we engaged to accomplish the settlement since it was he who disbursed the funds to the GBC on Ms. Bautista's behalf from the proceeds of the sale of the condominium received by the Sisters.

Certainly, nowhere is it set forth in the settlement agreement that any portion of the proceeds from the sale of the condominium owned, at least on paper by the Sisters, was to be distributed to the GBC by Ms. Bautista. And yet, the GBC received from Mr. de Castro on her behalf, over one million dollars from the proceeds of the sale. It is precisely such legal "sleight of hand" which establishes the ambiguity, demonstrates that Ms. Bautista retained and interest in the proceeds of the sale and permits this Court to engage in the requested analysis.

Therefore, since Ms. Bautista was a recipient of the proceeds from the sale of the condominium, notwithstanding the language contained therein, it is respectfully submitted that the settlement was necessarily ambiguous. Such ambiguity permits this Court to look beyond the "four corners of the document" and encumber the remaining proceeds such that undersigned counsel may be, at a minimum, permitted to file a motion for a charging lien as well as to be heard on the subject.

### THE LACK OF A NEW WRITTEN RETAINER AGREEMENT DOES NOT PRECLUDE RECOVERY OF ORALLY AGREED UPON LEGAL FEES.

Mr. de Castro, in his opposition, again relies on previous arguments and directs the Court to the original written retainer but ignores the fact that the lack of a new written retainer does not preclude me from seeking payment pursuant to a new, mutually agreed upon, oral retainer. The monies orally agreed upon where not part and parcel of the original retainer agreement but a new agreement, principally because the amount of the recovery in the case was unknown until the very end and therefore no agreement could have been previously reached.

I am not suggesting that I haven't been paid pursuant to the terms of the original written retainer by, and between, Ms. Bautista and myself, but rather, I am stating that we reached a new agreement based on the settlement terms. Once we had reached a tentative settlement in the case and were able to determine the amount of recovery anticipated, Ms. Bautista and I discussed, as well as agreed, on a flat sum to finish the case. I specifically offered to prepare a written agreement memorializing our new agreement and asked her to sign the same to which she responded "no, I will not sign anything but don't worry, I will pay you." As previously written, my representation never waned, and my client received the representation she bargained for as well as much more regardless of the lack of payment. I should be paid for my services rendered.

For the foregoing reasons, it is respectfully requested that this Court permit undersigned counsel to file the motion for a charging lien as well as any other and further relief this Court may deem appropriate.

Respectfully submitted,

*J. R. Cardenas*

JUDE ROBERTO CARDENAS

cc: All Counsel via ECF